MANATT, PHELPS & PHILLIPS, LLP
GREGORY N. PIMSTONE (Bar No. 150203)
Email: gpimstone@manatt.com
JOHN M. LEBLANC (Bar No. 155842)
Email: jleblanc@manatt.com
ILEANA M. HERNANDEZ (Bar No. 198906)
Email: ihernandez@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendants* HEALTH NET, INC.; HEALTH NET OF CALIFORNIA, INC.; HEALTH NET LIFE INSURANCE COMPANY; MANAGED HEALTH NETWORK, INC.; *and* CENTENE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA RECOVERY CENTER, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH NET, INC., et al., <br><br> Defendants. | Case No. 2:21-cv-4427 <br><br> **DEFENDANTS' NOTICE OF REMOVAL** <br><br> Filed concurrently with: <br><br> **(1)** Civil Cover Sheet; <br> **(2)** Declaration of Lisa LeGare; <br> **(3)** Declaration of Ileana M. Hernandez; <br> **(4)** Corporate Disclosure Statement; and <br> **(5)** Certificate of Interested Parties. |

**TABLE OF CONTENTS**

**Page**

RELEVANT BACKGROUND ........................................................................... 1
GROUNDS FOR REMOVAL ........................................................................... 1
    ERISA Governs Health Plans at Issue in the Complaint .............................. 1
    ERISA Completely Preempts Plaintiffs' Causes of Action ........................... 2
REMOVAL IS TIMELY .................................................................................... 4
REMOVAL TO THIS COURT IS PROPER ...................................................... 4

# TABLE OF AUTHORITIES

Page

## CASES

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004) ............................................................................................ 2, 3

*Bast v. Prudential Ins. Co. of Am.*,
  150 F.3d 1003 (9th Cir. 1998) ................................................................................ 3

*Cleghorn v. Blue Shield of California*,
  408 F.3d 1222 (9th Cir. 2005) ............................................................................ 3, 4

*David M. Lewis, D.M.D. v. William Michael Stemler, Inc.*,
  2013 WL 5373527 (E.D. Cal. Sept. 25, 2013) ....................................................... 3

*Dishman v. UNUM Life Ins. Co. v. Am.*,
  269 F.3d 974 (9th Cir. 2001) .................................................................................. 3

*Espy v. Indep. Blue Cross*,
  2013 WL 1164364 (S.D. Cal. Mar. 20, 2013) ........................................................ 3

*Fossen v. Blue Cross and Blue Shield of Montana, Inc.*,
  660 F.3d 1102 (9th Cir. 2011) ................................................................................ 3

*Lyms, Inc. v. Millimaki*,
  2009 U.S. Dist. LEXIS 136850 (S.D. Cal., Aug, 25, 2009) .................................. 4

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*,
  581 F.3d 941 (9th Cir. 2009) .................................................................................. 3

*Moeller v. Qualex, Inc.*,
  458 F. Supp. 2d 1069 (C.D. Cal. 2006) .................................................................. 3

*Quaresma v. BC Life & Health Ins. Co.*,
  623 F. Supp. 2d 1110 (E.D. Cal. 2007) .................................................................. 3

## STATUTES

28 U.S.C.A. § 1446 .................................................................................................... 4

28 U.S.C. § 84(c)(2) ................................................................................................... 4

28 U.S.C. § 1331 .................................................................................................... 2, 4

28 U.S.C. § 1441 .................................................................................................... 2, 4

28 U.S.C. § 1446(a) ............................................................................................... 1, 4

28 U.S.C. § 1446(d) ................................................................................................... 5

# TABLE OF AUTHORITIES
### (Continued)

**Page**

29 U.S.C. § 1002(1) ................................................................................................ 2

29 U.S.C. § 1003(a)(1) ........................................................................................... 1

ERISA § 502(a)(1)(B) ....................................................................................... 2, 3

# NOTICE OF REMOVAL

Defendants Health Net, Inc., Health Net of California, Inc., Health Net Life Insurance Company, Managed Health Network, Inc., and Centene Corporation (collectively, "Health Net") remove this action to the United States District Court for the Central District of California and state as follows:

## RELEVANT BACKGROUND

1. On April 8, 2021, Plaintiffs Ventura Recovery Center, Inc., Hillside Laguna Beach, LLC, and Sheer Recovery, LLC (collectively, "Plaintiffs") initiated this lawsuit against Health Net in the California Superior Court for the County of Los Angeles, Case No. 21STCV13486. Declaration of Ileana M. Hernandez ("Hernandez Decl."), Ex. A (Complaint).

2. On April 28, 2021, Health Net was served with Plaintiffs' complaint, through which Plaintiffs seek benefits for substance abuse treatment allegedly rendered to Health Net members. *Id*.

3. On May 18, 2021, Plaintiffs first informed Health Net their complaint seeks benefits under health plans governed by the Employee Retirement Income and Security Act of 1974 ("ERISA"). *Id*. at ¶ 4; Declaration of Lisa LeGare ("LeGare Decl.") at ¶ 3.

4. On May 27, 2021, Health Net filed the instant notice of removal based on federal question jurisdiction arising from ERISA's complete preemption of Plaintiffs' causes of action.

5. Pursuant to 28 U.S.C. Section 1446(a), attached hereto as **Exhibit A** is a copy of all process, pleadings, or orders that have been served on Health Net.

## GROUNDS FOR REMOVAL

### ERISA Governs Health Plans at Issue in the Complaint

6. ERISA governs "any employee benefit plan . . . established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce[.]" 29 U.S.C. § 1003(a)(1). An "employee benefit

plan" is any "plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness[.]" *Id.* § 1002(1).

7. The health plans covering at least some of the members at issue in Plaintiffs' complaint constitute "employee benefit plans" governed by ERISA because they were "established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness[.]" *See* Hernandez Decl. at ¶ 4; LeGare Decl. at ¶ 3.

8. Accordingly, ERISA governs at least some of the health plans at issue in Plaintiffs' complaint.

**ERISA Completely Preempts Plaintiffs' Causes of Action**

9. Removal is proper under 28 U.S.C. Section 1441 because federal question jurisdiction exists under 28 U.S.C. Section 1331.

10. As noted in the preceding section, at least some of the health plans at issue in Plaintiffs' complaint are governed by ERISA. And as a matter of law, ERISA preempts all of Plaintiffs' state-law causes of action with respect to the ERISA-governed health plans. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotations and citations omitted) ("[W]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law . . . ERISA is one of these statutes.").

11. "Under *Davila*, a state-law cause of action is completely preempted if **(1)** 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)', and **(2)** 'where there is no other independent legal duty

2

that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210) (emphases added).

12. The first element of the *Davila* test is satisfied because Plaintiffs seek to recover benefits under the ERISA-governed health plans, which an individual, at some point in time, could have brought under ERISA Section 502(a)(1)(B). The second element of the *Davila* test also is satisfied because the alleged wrongs are predicated on Health Net's alleged failure to adequately pay benefits under its ERISA-governed health plans.

13. Although Plaintiffs attempt to disguise their ERISA claims as state-law causes of action, Plaintiffs' "artful pleading" is insufficient to alter ERISA's preemptive force. *See Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) ("[a]rtful pleading does not alter the potential for this suit to frustrate the objectives of ERISA"); *Quaresma v. BC Life & Health Ins. Co.*, 623 F. Supp. 2d 1110, 1136-37 (E.D. Cal. 2007) (same); *see also Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1110-11 (9th Cir. 2011) ("[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort."); *Dishman v. UNUM Life Ins. Co. v. Am.*, 269 F.3d 974, 983 (9th Cir. 2001) (similar).

14. Indeed, Courts consistently hold ERISA preempts practically all of Plaintiffs' causes of action. *See, e.g.*, *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998) (ERISA "preempts state common law tort and contract causes of action" (emphasis added)); *David M. Lewis, D.M.D. v. William Michael Stemler, Inc.*, 2013 WL 5373527, at *4 (E.D. Cal. Sept. 25, 2013) (ERISA preempted breach of oral contract claim); *Espy v. Indep. Blue Cross*, 2013 WL 1164364, at *3 (S.D. Cal. Mar. 20, 2013) (ERISA preempted promissory estoppel claim); *Moeller v. Qualex, Inc.*, 458 F. Supp. 2d 1069, 1075 (C.D. Cal. 2006) ("the Ninth Circuit has held that state law claims for breach of contract, estoppel,

misrepresentation, and interference with contractual relations 'relate to' the administration of employee benefit plans" (emphases added)); *Lyms, Inc. v. Millimaki*, 2009 U.S. Dist. LEXIS 136850, at *9-10 (S.D. Cal., Aug, 25, 2009) (ERISA preempted fraud claim); *Cleghorn*, 408 F.3d at 1227 (ERISA preempted claim under California's Unfair Competition Law).

15. Accordingly, removal is proper under 28 U.S.C. Section 1441 because federal question jurisdiction exists under 28 U.S.C. Section 1331 since ERISA completely preempts Plaintiffs' causes of action.

## REMOVAL IS TIMELY

16. As noted above, it was not until May 18, 2021, that Plaintiffs first notified Health Net that ERISA-governed health plans are at issue in their complaint. Hernandez Decl. at ¶ 4; LeGare Decl. at ¶ 3. Accordingly, this notice of removal is timely since it was "filed within 30 days after receipt by the defendant[s], through service or otherwise, of a . . . paper from which it may first be ascertained that the case is one in which is or has become removable[.]" 28 U.S.C.A. § 1446.

## REMOVAL TO THIS COURT IS PROPER

17. Under 28 U.S.C. Sections 84(c)(2) and 1446(a), this action can be removed to this Court because it embraces Los Angeles County, which is the county in which Plaintiffs originally filed their state court lawsuit. *See* Hernandez Decl., Ex. A (Complaint) at Caption Page.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

18. Pursuant to 28 U.S.C. Section 1446(d), Health Net promptly will give written notice of this removal to Plaintiffs, and will file a copy of such notice with the Superior Court for the County of Los Angeles, California.

Dated: May 27, 2021

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Ileana M. Hernandez
Gregory N. Pimstone
John M. LeBlanc
Ileana M. Hernandez
*Attorneys for Defendants* HEALTH NET, INC.; HEALTH NET OF CALIFORNIA, INC.; HEALTH NET LIFE INSURANCE COMPANY; MANAGED HEALTH NETWORK, INC.; *and* CENTENE CORPORATION